IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JASON SHANE MOSES
Reg. No. 07653-025,

    Petitioner,

v.

                                                            No. 18-cv-01349-DRH

UNITED STATES OF AMERICA

    Respondent.

## ORDER

**HERNDON, District Judge:**

### I.     INTRODUCTION

This matter is before the Court on petitioner Shane Moses' ("petitioner") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 1). In his motion, petitioner collaterally attacks Count 2 of the superseding indictment, Use of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1) and (2), which he pled guilty to on April 12, 2007 (crim. 78).[1] Petitioner argues that section 924(c) is not met as the Supreme Court's decisions in both *Johnson v. U.S.*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) cast doubt on the use of his 18 U.S.C. § 2113

---

[1] References beginning with "crim" followed by a number are in reference to documents in the original criminal case, case no. 06-cr-30160-DRH-1, filed in the Southern District of Illinois.

1

conviction[2] as a predicate offense under section 924(c) – in particular, that the offense is a "crime of violence."

The government filed its response on August 2, 2018 (doc. 5). Concisely, the government contends that petitioner relies on Supreme Court precedent "which [has] no bearing on the law of his case" (*id*. at 2) and that the Seventh Circuit has squarely held that Bank Robbery under 18 U.S.C. § 2113(a) qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)B)(i), the "elements clause." For the following, the Court **DENIES** petitioner's section 2255 motion.

## II. BACKGROUND

Petitioner was indicted by superseding indictment on two counts (crim. 50). Count 1 alleged Bank Robbery by force, violence, and intimidation, taking approximately $68,112 belonging in possession of the U.S. Bank, Alton, Illinois. The deposits into U.S. Bank, Alton, Illinois were then insured by the Federal Deposit Insurance Corporation. In robbing this bank, petitioner put in danger the life of another person by the use of a firearm in violation of 18 U.S.C. § 2113(a), (d), and (2). *Id*. Count 2 alleged Use of a Firearm During and in Relation to a Crime of Violence (robbery of a federally insured bank) in violation of 18 U.S.C. § 924(c)(1) and (2). *Id*.

Petitioner pled guilty to both counts on April 12, 2007 (crim. 78) and on September 7, 2007, petitioner was sentenced to 120 months on Count 1 and 84 months on Count 2 to run consecutively for a total of 204 months of

---

[2] Petitioner also pled guilty to Count 1 of the superseding indictment, Bank Robbery by force, violence, and intimidation, on April 12, 2007 (crim. 78).

2

imprisonment. Petitioner was also given five years of supervised release on each count to run concurrently (crim. 129).

After sentencing, petitioner filed a direct appeal (crim. 135) claiming that his sentencing guidelines were improperly calculated due to inclusion of enhancements for both use of a fake bomb and use of a firearm. The Seventh Circuit Court of Appeals denied the argument and affirmed petitioner's sentence. *See U.S. v. Moses*, 284 Fed. Appx. 361 (7th Cir. 2008). Now petitioner collaterally attacks Count 2 of his sentence via 28 U.S.C. § 2255.

### III. LAW

A prisoner may move to vacate, set aside or correct his sentence if he claims "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 is an extraordinary remedy because it asks the district court essentially "to reopen the criminal process to a person who has already had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir.2006)). Thus, relief under section 2255 is "reserved for extraordinary situations," *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)), as a collateral attack pursuant to section 2255 is not a substitute

for a direct appeal. *Varela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007). The Court now turns to petitioner's claims.

## IV. ANALYSIS

Petitioner turns to recent Supreme Court case law to argue that his conviction under section 18 U.S.C. 924(c) should be vacated. *See* doc. 1 at 15, "Petitioner asserts that the void-for-vagueness doctrine adopted under Johnson v. United States, 135 S. Ct 2552 (2016) and Dimaya [*sic*] v. Sessions v. Dimaya, 16-1498 (2017) authorizes the vacatur [*sic*] of Petitioner's §924(c) conviction." More specifically, petitioner postulates that *Johnson* stands for the proposition that under the categorical approach, a court must assess whether a crime qualifies as a violent felony in terms of how the law defines the offense – not how the particular individual offender committed the offense. Doc. 1 at 15. Piggy-backing on that, petitioner reasons that as a "residual effect" to the *Johnson* court's holding, "appellate courts have found as vague the language defining a crime of violence or a violent felony as associated with 18 U.S.C. § 16(b)." *Id*. Finally, to round out his argument, petitioner claims that "a link exists" between the "elements of the constitutional make-up of either a crime of violence or a violent felony" as defined in § 16(b) and § 924(c) to push that his section 924(c) conviction must be vacated as the predicate offense is improperly vague under the categorical approach. *Id*. at 15-16.

Petitioner's argument is easily dismissed as the Seventh Circuit has determined that Bank Robbery under section 2113(a) is defined as a crime of

violence under the elements clause of section 924(c)(3)(B)(i). *See U.S. v. Armour*, 840 F.3d 904, 907-08 (7th Cir. 2016). Thus, the "residual clause" that petitioner relies on, section 924(c)(3)(B)(ii), to argue that his predicate offense is unconstitutionally vague following the decisions in *Johnson* and *Dimaya* is not applicable here.

In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act was unconstitutional when it asked the court to evaluate whether a crime of violence was one that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. at 2255-57. In *Dimaya*, the Supreme Court held that the similar residual clause found in 18 U.S.C. §16 defining "crime of violence" was also unconstitutional for the same reasoning. 138 S. Ct. at 1216. So, while petitioner's contention that under *Johnson* and *Dimaya* there is a prohibition against vague laws that leave uncertainty as to how much risk it takes for a crime to qualify as a violent felony is not incorrect, neither *Johnson* or *Dimaya* alters petitioner's conviction under § 2113(a).

Bank Robbery under 18 U.S.C. § 2113(a) requires that the offense be committed "by force and violence, or by intimidation." For 18 U.S.C. § 924(c) to apply to such an offense, the statute dictates the offense be a "crime of violence" defined, for our purposes in the elements clause of section 924(c) - § 924(c)(3)(B) - as "an offense that is a felony and—(i) has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]"

As stated above, the Seventh Circuit has squarely held that section 2113(a) qualifies as a "crime of violence" under § 924(c)'s elements clause, such that the residual clause of § 924(c) need not be called into use. *See U.S. v. Campbell*, 865 F.3d 853 (7th Cir. 2017); *U.S. v. Armour*, 840 F.3d at 908. *See also U.S. v. Cardena*, 842 F.3d 959, 995-97 (7th Cir. 2016) (finding that in light of *Johnson*, the language of section 924(c)'s residual clause is unconstitutionally vague but leaving intact the elements clause found in section 924(c)(3)(B)(i)). Accordingly, because Bank Robbery under § 2113(a) meets the definition of "crime of violence" under § 924(c)'s elements clause, petitioner's arguments under *Johnson* and *Dimaya* fail.

## V. CONCLUSION

Based on the foregoing, the Court finds that petitioner's motion to vacate, set aside, or correct sentence (doc. 1) must be denied. Because the Seventh Circuit has ruled that Bank Robbery under section 2113(a) is a crime of violence under the elements clause of section 924(c) – even after the Supreme Court's rulings finding section 924(c)'s residual clause unconstitutional – petitioner raises no arguments of merit. Petitioner's sentence and conviction are legal. He has not demonstrated his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. The Court notes that letting petitioner's conviction and sentence stand would not result in a

fundamental miscarriage of justice. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

Under Rule 11(a) of the Rules Governing § 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claim warrants a certificate of appealablity pursuant to 28 U.S.C. § 2253(c)(2). *See id*. "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id*.

A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; he may appeal only those issues for which a certificate of appealablity has been granted. *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See* § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citations omitted).

Here, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right, or

that this Court is barred from reviewing the merits of petitioner's claims. Reasonable jurists could not debate that the petition should have been resolved in a different manner. Therefore, the Court **DECLINES** to certify any issues for review pursuant to section 2253(c).

Thus, the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (doc. 1), is **DENIED and DISMISSED with prejudice.** Additionally, the Court **FINDS AS MOOT** petitioner's Motion to Appoint Counsel (doc. 2) as the interests of justice do not so require based on the Court's above ruling. 18 U.S.C.A. § 3006A. Further, the Court **DECLINES** to issue a certificate of appealability. The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED**.

Judge Herndon
2018.10.27
10:29:17 -05'00'

United States District Judge